The Troy Savings Bank, Plaintiff, *v.* Lucy Ann Morrison and Others, Defendants, and Elnathan Sweet, as Receiver of the Lebanon Springs Railroad, Respondent.

Lebanon Springs Railroad, Appellant.

*Receiver — an order authorizing him to take advice of counsel as to a defense is proper — authority to defend the action, if his attorney so advises, must be given by the court itself.*

While the court may properly make an order authorizing a receiver, who has been made a party defendant to an action brought to foreclose a mortgage, to employ counsel to advise him as to a defense, an order authorizing him to defend, if so advised by his counsel, is improper, as the question whether the receiver shall be permitted to litigate the plaintiff's claim is one which must be decided by the court itself upon a proper petition or affidavit.

Appeal by the Lebanon Springs Railroad from an order of the Supreme Court, made at the Albany Special Term, bearing date the 22d day of February, 1898, and entered in the office of the clerk of the county of Albany, permitting Elnathan Sweet, as receiver of the Lebanon Springs Railroad, to employ counsel in defense of the action which was brought to foreclose a mortgage.

*Edward Winslow Paige,* for the appellant.

*Abraham Lansing,* for the respondent.

Per Curiam :

The court below, on the motion of the defendant Elnathan Sweet, as receiver of the Lebanon Springs Railroad, for leave to interpose a defense to the action, authorized him to employ counsel to advise him as to a defense, and to defend the same if so advised.   In other words, the court referred the question submitted to it, as to the interposition of a defense, to the receiver's attorney instead of passing on the application itself.

The order was unobjectionable, as far as it authorized the receiver to take the advice of counsel as to a defense, but was improperly granted as far as it allowed the receiver's attorney to determine whether a defense should be interposed.   Whether or not the receiver should litigate the claim of the plaintiff under the mortgage, set out in the

complaint, was a question for the court to pass upon, on the presentation to it of a proper petition or affidavit.

The order should be modified in pursuance of this memorandum, without prejudice to the right of the receiver to apply to the court for leave to defend the action, on a proper petition showing reasons therefor, without costs to either party.

All concurred.

Order modified as per memorandum, without costs to either party.